UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LEE MCDANIEL,<br><br>  Plaintiff,<br><br>  v.<br><br>B.G.S.00 LLC., et al.,<br><br>  Defendant. | CASE NO. C15-5319 JRC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Joint Status Report, Dkt. 48; Minute Order on Consent, Dkt. 49).

Currently before the Court is plaintiff's motion for leave to amend complaint (Dkt. 52). Plaintiff asks leave of the Court to file a third amended complaint to include, among other things, bringing in additional parties – Gloria Denney and Robert Pontius (*id.*). Defendants object only to the extent that plaintiff seeks to add additional parties (Dkt. 54).

While the Court will allow plaintiff to file a third amended complaint, the Court denies plaintiff's motion to the extent that plaintiff is attempting to add additional parties since it is past

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT - 1

the deadline for adding parties, plaintiff has not shown good cause to allow an extension of the deadline, and adding new parties more than three years from the date of the accident would be futile because the statute of limitations has expired.

## FACTUAL SUMMARY

Plaintiff was injured in an accident that occurred in 2008.  Plaintiff was a pedestrian at the time and was struck by a vehicle driven by Kenneth Laufman.  Plaintiff claims that Mr. Laufman was drinking alcoholic beverages at B.G.S' Vancouver establishment and was served when he was already intoxicated (Dkt. 6, 45).

Plaintiff initially sued B.G.S.00 LLC dba Boomers Sports Bar & Grill, a Washington Limited Liability Company, B.G.S.00 LLC dba Gold Rush Tavern, a Washington Limited Liability Company, B.G.S.00 LLC dba Gold Rush Restaurant and Lounge, a Washington Limited Liability Company (hereinafter referred to as "B.G.S.") and other fictitious persons and entities (Dkt. 1).  The complaint was initially filed in the United States District Court for the District of Oregon on September 2, 2011.  Plaintiff filed a first amended complaint on October 3, 2011 (Dkt. 4), quickly followed by a second amended complaint on October 11, 2011 against all defendants.  Although plaintiff identified Mr. Pontius and Ms. Denney as members of B.G.S.00 in this second amended complaint, Mr. Pontius and Ms. Denney were not named as parties (Dkt. 6, paragraph 6).  Following several unrelated procedural maneuverings by the parties, the District Court of Oregon granted B.G.S.'s motion to transfer the case to the Western District of Washington on May 13, 2015 (Dkt. 37, 38).

On May 19, 2015, the district court issued an order requiring initial disclosures to be submitted by June 12, 2015 (Dkt. 41).  B.G.S. submitted its initial disclosures to plaintiff noting that B.G.S. had no liability insurance. (Declaration of Ben Shafton, Dkt. 55, ¶ 4.)  On August 14,

1   2015, the parties filed a Combined Joint Status Report and Discovery Plan and agreed that "Any
2   additional parties will be joined no later than 60 days from the date this Joint Status Report is
3   filed." (Dkt. 48, p. 2.)  Sixty days from the date of that Joint Status Report was October 15, 2015.
4   Plaintiff did not file a motion to add any additional parties by that date.
5          On October 2, 2015, the Court issued a Scheduling Order stating that the last date to join
6   other parties was November 16, 2015 (Dkt. 51).  Plaintiff filed the motion for leave to amend the
7   complaint to add Mr. Pontius and Ms. Denney as defendants on November 18, 2015 == two days
8   past the Court's deadline.  Plaintiff's supporting motion gave no reason why the motion to
9   amend could not have been made prior to the expiration of the deadline (*see* Dkt 52, 53).
10         Defendants filed a response to the motion to amend on November 30, 2015 and stated
11  that they had no objection to the motion for leave to amend except "to the extent that it seeks to
12  add Robert Pontius and Gloria Denny as defendants in paragraph 6 and the Fifth Cause of
13  Action" (Dkt. 54, p. 1). Defendants argued, among other things, that plaintiff had failed to show
14  good cause for the delay in adding the parties and that adding the parties would be a futile act (*id*.
15  at 4-9).  Plaintiff filed no reply.

                                            DISCUSSION

17         Plaintiff's request to file a third amended complaint is, in essence, a request to deviate
18  from the Scheduling Order because plaintiff seeks to add additional parties after the deadline for
19  doing so has passed.  The Scheduling Order can only be modified for good cause and with the
20  judge's consent. Fed. R. Civ. P. 16(b)(4) and Local Rules 16(b)(4).  Plaintiff has made no
21  showing of good cause.
22         Defendant points out that plaintiff has had a number of opportunities to add additional
23  parties and was aware of all of the facts necessary to make that decision in sufficient time to
24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO AMEND THE
COMPLAINT - 3

1 | bring a motion; further plaintiff stipulated to add additional parties within 60 days even before
2 | the scheduling order was entered (Dkt. 54, pages 5 – 7).

3 |     The federal rules and the local rules place the burden on the moving party to demonstrate
4 | good cause for modifying the scheduling order. Because plaintiff has failed to show good cause
5 | for modifying the schedule, plaintiff's motion to amend the complaint to include additional
6 | parties is denied.

7 |     Additionally, the Court notes that amending the complaint is not allowed if the
8 | amendment is futile. *See Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991). Because
9 | Washington law controls the cause of action, the statute of limitations of the State of Washington
10 | applies. *See Ragan v. Merchants Transfer and Warehouse Co.,* 337 U.S. 530, 532 (1949).
11 | Because this cause of action accrued in 2008, when the accident occurred, and because the
12 | statute of limitations for such an action in the State of Washington is 3 years, *see* RCW
13 | 4.16.080(2), adding additional parties at this time would be futile. Plaintiff has made no showing
14 | that allowing third parties in at this time would not be futile.

15 |     For the above reasons, plaintiff will be allowed to file a third amended complaint as
16 | averred, but that third amended complaint should not include any additional parties. Plaintiff
17 | shall file the third amended complaint within 14 days of this Order.

18 |     Dated this 30th day of December, 2015.

*[signature]*

J. Richard Creatura
United States Magistrate Judge