UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER LEE MCDANIEL, <br><br> Plaintiff, <br><br> v. <br><br> B.G.S.00 LLC, et al., <br><br> Defendants. | CASE NO. 15-cv-05319 JRC <br><br> ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Joint Status Report, Dkt. 48; Minute Order on Consent, Dkt. 49).

THIS MATTER comes before the Court on defendants' Motion for Summary Judgment (Dkt. 64) and has been fully briefed (*see also* Dkts. 65, 66, 67, 68, 69, 70, 71, 72, 73). Plaintiff's responsive briefing was due on May 31, 2016, but was not filed until two days later, on June 2, 2016. Defendants have moved to strike the response as untimely. Dkt. 71, page 2.

Not only was plaintiff's response untimely, but plaintiff has also failed to submit admissible evidence to prove that the tortfeasor driver was apparently under the influence of

alcohol when he was served alcohol at defendant's establishment, as is required under Washington law. Therefore, defendant's motion for summary judgment is granted.

## FACTUAL BACKGROUND

Plaintiff's suit arises from an incident that occurred on September 3, 2008, in Vancouver, Washington when Kenneth Laufman was driving a vehicle erratically and struck plaintiff, who was a pedestrian. Dkt. 57, ¶¶ 5, 6, 7, Dkt. 59, ¶ 3. Plaintiff alleges that defendant is at fault for serving alcoholic beverages to Mr. Laufman when he was apparently intoxicated. Dkt. 57, ¶19. Because jurisdiction is based on diversity of citizenship, the Court looks to Washington law to determine defendant's liability. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The Washington Supreme Court has set out the requirements for imposition of liability for serving alcohol to an apparently intoxicated person. In *Faust v. Albertson*, 167 Wn.2d 531, 222 P.2d 1208 (2009), the court set forth the following elements: (1) Defendant served the tortfeasor an alcoholic beverage. (2) At the time of service, the tortfeasor was apparently under the influence of intoxicants. *Id.* at 539.

The Court notes that the tortfeasor's apparent intoxication must be proven "by direct, observational evidence at the time of the alleged over service or by reasonable inference deduced from observation shortly thereafter." *Id.* at 539. The tortfeasor's blood alcohol level is insufficient, by itself, to establish a triable issue of fact regarding the tortfeasor's apparent intoxication, but may be relevant as corroborative and/or supportive of the credibility of first hand observations. *Id.* at 542-43 (citations omitted).

## LEGAL STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits presented demonstrate that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Generally, a motion for summary judgment is not granted simply because there is no opposition even if the failure to oppose violates a local rule. *See Henry v. Gill Industries*, 983 F.2d 943, 950 (9th Cir. 1993) (citations omitted). The moving party must still demonstrate the absence of genuine issues of material fact, regardless of whether the party against whom the motion for summary judgment is directed has filed any opposition. *Id.*; *Cristobal v. Seigel*, 26 F.3d 1488, 1491 (9th Cir. 1994).

<u>Motion to Strike</u>. Defendant moves to strike defendant's response as untimely, including all attached declarations. Dkt. 71, p. 2. Pursuant to this Court's local rules, plaintiff's response was due on May 31, 2016. LCR 7(d)(3). Plaintiff did not file a response to the motion until June 2, 2016. Dkt. 67. Plaintiff did not seek leave to file a late response or offer any explanation for the failure to comply with the rules. As such, the response is untimely and the Court GRANTS the motion to strike plaintiff's response. Although the Court does not consider the late response, it has considered many of the exhibits attached to plaintiff's response since many of them appear elsewhere in the record, such as the police report. Information that was not attached to the police report includes interviews conducted by Jennifer Maghinay, a private investigator hired by plaintiff's counsel to investigate matters pertaining to the lawsuit. Dkt. 70. Defendant objects to this evidence on the additional ground that Ms. Maghinay was not identified by plaintiff as a potential witness. Dkt. 71, pp. 2-3; Dkt. 73. Nor did plaintiff supplement interrogatory responses to include Ms. Maghinay's interviews. Dkt. 65, Dkt. 71. A party who has not complied with

SUMMARY JUDGMENT - 3

1 | obligations under Fed. R. Civ. P. 26(a) or (e) may not use an undisclosed witness or undisclosed
2 | information for purposes of responding to a motion.  Fed. R. Civ. P. 37(c)(1).  Disclosure of Ms.
3 | Maghinay's interviews is not only required under Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii), but also
4 | as a supplementation for interrogatory responses under Fed. R. Civ. P. 26(e).  Therefore, Ms.
5 | Maghinay's declaration is also inadmissible for this reason as well.

6 | <u>The police report</u>.  The record contains an incident report offered by Vancouver Police
7 | Department Officer Jeffrey Starks.  The report is styled as a certification under penalty of
8 | perjury.  *See* Dkt. 65, p. 14.  The report indicates, among other things, that the tortfeasor, Mr.
9 | Laufman, had been to defendant's Gold Rush Tavern prior to the accident. This information was
10 | conveyed by Bobby G. Hayes, who was allegedly employed as a janitor at Gold Rush Tavern.
11 | Dkt. 65, pp. 17-18.  Mr. Hayes reported that Mr. Laufman and another male were playing pool at
12 | the Gold Rush Tavern and that Mr. Hayes played two games of pool with them. Mr. Hayes told
13 | the officer that he did not see Mr. Laufman drinking alcohol and only saw him drinking Pepsi.
14 | There is no evidence in the record to indicate that anyone personally observed Mr. Laufman in a
15 | state of intoxication before the alleged incident, let alone that he was served alcohol at the Gold
16 | Rush Tavern when he was apparently intoxicated.

17 | Officer Starks came upon the scene shortly after the accident and observed Mr. Laufman
18 | while still in the driver's seat. *Id.* at 15. Mr. Laufman said he was coming from his son's house.
19 | Officer Starks could smell the odor of intoxicants and observed Mr. Laufman's eyes, which were
20 | watery and glassy in appearance.  His face was flushed and his speech was slurred.  *Id.*  Mr.
21 | Laufman admitted to having 3 or 4 beers before the accident. Mr. Laufman was stumbling and
22 | unsteady on his feet. *Id.* Based on these observations, Officer Starks concluded that the driver,
23 | Mr. Laufman, had been impaired by alcohol.  *Id.*

24 |

1  While observations made after the accident may imply that Mr. Laufman was under the
2  influence of alcohol, there is no admissible evidence in the record to indicate that he was served
3  alcohol by defendants' Gold Rush Tavern while he was objectively showing signs of
4  intoxication. In the absence of any such evidence, defendants are entitled to summary judgment
5  as a matter of law.
6  It should be noted that the police report also references a Washington Toxicology Lab
7  report.  This lab report is not attached to the report or otherwise submitted. Dkt. 64, p. 10.  Since
8  the lab report is not part of the record and is not sworn testimony, there is no foundation for the
9  admission of any reference to information contained in the report.
10  It should also be noted that none of the main actors in this event were ever deposed nor
11  were any declarations obtained or submitted from any of these main actors.  Mr. Laufman, the
12  alleged tortfeasor, was never deposed.  Officer Starks was never deposed.  None of the
13  employees from defendants' tavern were ever deposed.  In the complete absence of any
14  evidence, there is nothing for the Court to review and plaintiff has failed to meet his burden of
15  proof.  Therefore, defendants' motion for summary judgment is GRANTED.
16  Dated this 9th day of June, 2016.

J. Richard Creatura
United States Magistrate Judge